Argued and submitted July 29, affirmed October 7, 1987, reconsideration denied January 29, petition for review pending 1988

In the Matter of the Tax Deficiency Assessment of
Rogue Valley Youth for Christ.
EMPLOYMENT DIVISION et al,
*Petitioner,*

*v.*

ROGUE VALLEY YOUTH FOR CHRIST,
*Respondent.*

(85-T-191; CA A41242)

743 P2d 745

Robert T. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Daniel C. Thorndike, Medford, argued the cause for respondent. With him on the brief was Blackhurst, Hornecker, Hassen & Brian, Medford.

Kelly Clark, Portland, filed a brief *amicus curiae* for

Ecumenical Ministries of Oregon, Greater Portland Association of Evangelicals and Christian Legal Society.

Hardy Myers and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed a brief *amicus curiae* for Archdiocese of Portland in Oregon and Diocese of Baker.

Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland, and Robin S. Hom and Gibbs & Craze, Burlingame, California, filed a brief *amicus curiae* for Nineteen Oregon Churches and The Christian Law Association.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Employment Division (Division) assessed unemployment compensation taxes against Rogue Valley Youth for Christ (YFC) as an "employer" subject to ORS ch 657. YFC requested a hearing. The referee found that YFC is a "church" within the meaning of ORS 657.072(1)(a) and therefore exempt from the taxes. Division seeks review, and we affirm.

Division contends that *all* religious organizations, including churches, are subject to the tax, because ORS 657.072(1)(a) unconstitutionally distinguishes between religious organizations that are churches and similar organizations that are not churches.[1] ORS 657.072(1)(a) provides, in pertinent part:

"(1)    'Employment' does not include service performed:

"(a)    In the employ of:

"(A)    A church or convention or association of churches;

"(B)    An organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches[.]"

Division relies on *Salem College & Academy, Inc. v. Emp. Div.,* 298 Or 471, 695 P2d 25 (1985). In that case, an interdenominational religious school challenged Division's assessment of unemployment compensation taxes against it, contending that it was exempt under ORS 657.072(1)(a) or, if not exempt, that application of the statute to it violated constitutional guarantees of religious freedom. In addressing the school's first contention, the court stated:

"The present case would avoid constitutional difficulties if [the school] qualified for exemption as a church or as 'principally supported' by one or more churches. If ORS 657.072(1)(a) could be so interpreted and applied, it should be. Statutes should be interpreted and administered to be consistent with constitutional standards before attributing a policy of doubtful constitutionality to the political policymakers,

---

[1] Division acknowledges that it did not raise that constitutional issue at the hearing, but it contends that we should consider the issue because it is one of substantial public importance. However, because of our holding in this case, we do not reach that constitutional issue.

unless their expressed intentions leave no room for doubt." 298 Or at 481. (Citations omitted.)

Because the school did not qualify for exemption under the statute, the court *then* addressed whether ORS 657.072(1)(a) could be applied constitutionally to deny the school an exemption.[2]

In this case, however, Division does not challenge the referee's factual determination that YFC is a "church" within the meaning of ORS 657.072(1)(a). The granting of an exemption on that basis thus "avoid[s] constitutional difficulties." *Salem College & Academy, Inc. v. Emp. Div., supra,* 298 Or at 481. Significantly, Division does not contend that ORS 657.072(1)(a) is unconstitutional *as applied to YFC,* a "church." Instead, it asserts that the legislature may not constitutionally deny an exemption to a religious organization that is not a "church" and at the same time grant an exemption to a religious organization that is a "church." That issue, however, is not factually presented by this case, because no party here has been denied an exemption on the basis that it is a religious organization that is not a "church." Without such an actual controversy, Division cannot raise the issue and thereby seek a purely advisory opinion concerning the constitutionality of the statute. *See Oregon Medical Association v. Rawls,* 281 Or 293, 297 n 4, 574 P2d 1103 (1978). It follows that, because Division cannot raise the issue it seeks to raise in the context of this case and because it does not challenge the referee's finding that YFC is a "church" under ORS 657.072(1)(a), we affirm the referee's order.

Affirmed.

---

[2] The court went on to hold that the legislature could not constitutionally grant or deny exemptions to functionally identical religious schools on the basis of whether or not they were church-affiliated. 298 Or at 495.